Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARL AND ANDY THEUS, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC. <br><br> Defendants. | Case No.: **'13CV0264 AJB JMA** <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** <br> **3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

PEARL AND ANDY THEUS ("Plaintiffs"), by their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC ("Defendants"):

# INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA,") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiffs are natural persons residing in Granger, Indiana 46530.

6. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant Midland Funding, LLC is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

8. Defendant Midland Credit Management, Inc. is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

9. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

10. Defendants are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiffs as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13. At all relevant times, Defendants were acting in concert and were attempting to collect an alleged personal debt from Plaintiffs that they do not owe.

14. Upon information and belief, the alleged debt originated from a credit card, and arose out of transactions which were primarily for personal, family, or household purposes.

15. Beginning in January 2012, and continuing into May 2012, Defendants' representatives placed repeated harassing debt collection calls to Plaintiffs' cellular telephone.

16. Defendants' harassing debt collection calls derived from numbers including, but not limited to (800) 265-8825. The undersigned has confirmed that this number belongs to Defendants.

17. On average, Defendants called Plaintiffs cell phone two to three times in a given day.

18. Defendants' collectors were calling for an "Andy E. Theus."

19. Plaintiff, Andy Theus, does not have as his middle initial the letter "E," and does not owe the subject credit card debt.

20. Plaintiffs both told Defendants' representatives a number of times that Midland was calling the wrong people, that this was a case of mistaken identity on Midland's part and to stop calling.

21. Plaintiffs told Defendant's collectors that they refused to pay a debt that was not theirs. Telephone calls continued however.

22. After having knowledge that the Plaintiff disputed the debt as not

theirs, and at the very least that they refused to pay the debt, Defendants calls that followed could only have been for the purpose of harassment, as no other purpose was served.

23. Further, Defendants failed to send anything in writing to Plaintiffs within five days of its initial contact with them, advising them of their rights to dispute the alleged debt and/or seek verification.

24. Upon information and belief, the Defendants' call log will reflect that certain calls to Plaintiffs were made to their cellular phone by a computer generator and/or automatic telephone dialing system, and/or included pre-recorded or artificial voices.

25. Defendants' telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

26. Over the period that Defendants were contacting Plaintiffs, Defendants called the cellular phone frequently, placing a pre-recorded or automated message.

27. Defendants' actions as described herein were made with the intent to harass, confuse, and coerce payment from Plaintiffs for this alleged debt.

## COUNT I

## DEFENDANTS VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

29. Defendants violated § 1692d of the FDCPA when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiffs even after they requested that its calls stop, when it continued to call Plaintiffs even after they indicated to Defendants that they refused to pay the subject debt, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANTS VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31. Defendants violated § 1692d(5) of the FDCPA when it caused Plaintiffs' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiffs.

## COUNT III
## DEFENDANTS VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692e of the FDCPA prohibits debt collectors from making false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

33. Defendant violated § 1692e of the FDCPA when they attempted to collect a debt from Plaintiffs that they did not owe, and when it engaged in other deceptive or misleading conduct.

## COUNT IV
## DEFENDANTS VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false representation of the character, amount, or legal status of any debt.

35. Defendants violated § 1692e(2)(A) of the FDCPA when it attempted to collect a debt from Plaintiffs that they did not owe.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

37.   Defendants violated § 1692e(10) of the FDCPA when it attempted to collect a debt from Plaintiffs that they did not owe, and when it engaged in other deceptive or misleading conduct.

## COUNT VI
## DEFENDANTS VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38.   Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

39.   Defendants violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when it continued to call Plaintiffs even after they requested that its calls stop, when it failed to provide Plaintiffs with any written information regarding the alleged debt, when it continued to call Plaintiffs even after they indicated to Defendants that they refused to pay the subject debt, when it attempted to collect a debt from Plaintiffs that they did not owe, and when it engaged in other unfair conduct.

## COUNT VII
## DEFENDANTS VIOLATED § 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40.   Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

41.   Defendants violated § 1692f(1) of the FDCPA when it attempted to

PLAINTIFFS' COMPLAINT

collect a debt from Plaintiffs that was not authorized by law or agreement.

## COUNT VIII
## DEFENDANTS VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to consumers on how to dispute the debt.

43. Defendants violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiffs in regards to the alleged debt within five days of its initial contact with the Plaintiffs, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

## COUNT IX
## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER

# PROTECTION ACT

44. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

45. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

46. Despite the fact that Plaintiffs never consented to Defendants making calls to their cellular phone, Defendants repeatedly placed non-emergency calls to Plaintiffs' cellular telephone without Plaintiffs' consent.

47. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

48. Here, Defendants repeatedly and regularly placed non-emergency, automated calls to Plaintiffs' cellular telephone, using a pre-recorded or artificial voice.

49. Defendants contacted Plaintiffs on their cellular telephone dozens of times.

50. Defendants did not have Plaintiffs' express consent prior to contacting them on their cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

51. Defendants' conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT X
## DEFENDANTS VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

52. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

53. Defendants violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiffs, PEARL AND ANDY THEUS, respectfully pray for a judgment as follows:

    a. Actual Damages;
    b. Statutory damages;
    c. Reasonable attorney's fees and costs;
    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that the Plaintiffs, PEARL AND ANDY THEUS, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 01/31/13                KIMMEL & SILVERMAN, P.C..

                              By: /s/ Amy L. Bennecoff
                                  Amy L. Bennecoff (275805)
                                  Kimmel & Silverman, P.C
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Telephone: (215) 540-8888
                                  Facsimile (215) 540-8817
                                  Email: abennecoff@creditlaw.com
                                  Attorney for Plaintiffs